**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JEAN CELESTIN, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.:** |
| v. | : | |
| | : | |
| LIFESPAN SCHOOL SOLUTIONS, | : | **OCTOBER 24, 2024** |
| INC., | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Lifespan School Solutions, Inc. d/b/a the Bradley School ("Defendant" or "Lifespan") files this Notice of Removal in accordance with 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1367, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, and removes this action from the State of Connecticut Superior Court, Judicial District of New London at New London, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendant states:

1.      By Summons and Complaint, Plaintiff Jean Celestin ("Plaintiff") commenced a civil action against Defendant in Connecticut Superior Court titled *Jean Celestin v. Lifespan School Solutions, Inc.,* Docket No. KNL-CV24-6070586-S (the "Superior Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served by Plaintiff on Defendant are attached hereto as Exhibit A and constitute all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

3.      This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).  Under 28 U.S.C. § 1441(a), this Court is the appropriate forum to entertain this Notice of Removal.

4.      Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of New London at New London.  28 U.S.C. § 1446(d).

## II.    TIMELINESS OF NOTICE OF REMOVAL

5.      This Notice of Removal is being filed within 30 days of the date Defendant was served with a copy of the Complaint in the Superior Court Action.  28 U.S.C. § 1446(b).

6.      Defendant first received notice of this lawsuit on September 26, 2024, when its agent for service of process received a copy of the Summons and Complaint.  The thirtieth (30th) day after September 26, 2024 is October 26, 2024, and therefore removal of this action today is timely under 28 U.S.C. § 1446(b).

7.      By filing this notice, Defendant does not waive any defenses that may be available to it.

## III.    GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

8.      Removal is appropriate under federal question jurisdiction and supplemental jurisdiction. 28 U.S.C. §§ 1331, 1367. A party may remove a pending state court action to federal district court if the federal district court would have had original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal district courts also have "supplemental jurisdiction over all other claims that are so related to the claims in the action

2.

within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

9.      Plaintiff's claims under Title VII of the Civil Rights Act of 1964, § 701 *et seq*., as amended, 42 U.S.C. § 2000e and the Civil Rights Act of 1991 (Count Two) and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (Count Four) arise under the laws of the United States. This Court would have had original jurisdiction over such claims under 28 U.S.C. § 1331 had this action been filed originally in federal court. Moreover, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims under the Connecticut Fair Employment Practices Act (Counts One, Three, and Five) as those state law claims arise out of the same operative facts as the federal claims.

10.     Accordingly, removal is appropriate under 28 U.S.C. § 1441 because the Court has original jurisdiction over Plaintiff's federal claims; has supplemental jurisdiction over Plaintiff's state law claims; and all other prerequisites for removal of this case to the United States District Court for the District of Connecticut have been fulfilled.

## IV.     GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

11.     Removal of this action is also appropriate based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(b).  As detailed below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *Id*. § 1332(a)(1).

### A.     Complete Diversity

12.     To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant.  28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *St. Paul Fire and Marine*

3.

*Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005); *Doe v. Yale Univ.*, 564 F. Supp. 3d 11, 16 (D. Conn. 2021).

13.    Citizenship of Plaintiff. Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1). For diversity purposes, courts determine an individual's domicile by examining the individual's "physical presence" and "intent to remain in that place indefinitely." *Dukes ex rel. Dukes v. New York City Emps.' Ret. Sys., and Bd. of Trs.*, 581 F. App'x 81, 82 (2d Cir. 2014). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). The Complaint states that Plaintiff is a resident of Norwich, Connecticut. See Exhibit A, ¶ 1.  Therefore, upon information and belief, Plaintiff is domiciled in and a citizen of the State of Connecticut.

14.    Citizenship of Defendant. At the time of filing of the Complaint, and at the time of removal, Lifespan was not, and is not, a citizen of the State of Connecticut. A corporation is a citizen of the states in which it was organized and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1186, 1192-93 (2010) ("principal place of business" of corporation "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," which is often "metaphorically called its 'nerve center'").   Lifespan is a non-profit corporation that is organized under the laws of the State of Rhode Island and has a principal place of business at 1011 Veterans Memorial Parkway, East Providence, Rhode Island 02915. Therefore, Lifespan is a citizen of Rhode Island.

15.    In sum, Plaintiff is a citizen of a different state (Connecticut) from Defendant (Rhode Island), and thus, complete diversity of citizenship exists.

4.

**B.**     **Amount in Controversy**

16.     Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires that the amount in controversy "exceed the sum or value of $75,000, exclusive of interest and costs." The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

17.     Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

18.     Although Defendant disputes Plaintiff's allegations and denies it is liable to Plaintiff, it is clear that the amount *in controversy* in this action exceeds $75,000, exclusive of interest and costs. The Second Circuit has "liberal standards" for determining whether a plaintiff's claim meets the jurisdictional threshold. *GW Holdings Grp., LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 51 (2d Cir. 2019). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Id.* at 50, quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)). "This is not an onerous burden." *Id.*, quoting *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d. Cir. 2003). Indeed, the Second Circuit recognizes a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.,* quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). In contrast to this relatively low burden, a "party opposing jurisdiction must show to a 'legal

certainty' that the amount recoverable does not meet the jurisdictional threshold." *Id*. at 51, quoting *Wolde-Meskel*, 166 F.3d at 63. "It is not easy to do this." *Id.*

19.    In the Complaint, Plaintiff seeks money damages for alleged racial and disability discrimination under state and federal law and for alleged retaliation under state law, including lost wages and employment benefits, as well as emotional distress damages, and attorneys' fees and costs.  See Exhibit 1. While the Complaint does not specify the exact amount of damages that Plaintiff seeks, Plaintiff's Statement of Amount in Demand indicates the amount in demand "exceeds $15,000.00, excluding costs and interests."  See Exhibit 1, Complaint, Statement of Amount in Demand.

20.    At the time of his separation from Lifespan, Plaintiff earned an hourly rate of $20.50 per hour and worked on average 40 hours per week, meaning his average pay was $820 per week. While Lifespan denies any liability to Plaintiff whatsoever, if Plaintiff were to prevail on his claims of discrimination and retaliation, the $75,000 amount in controversy requirement would be satisfied, even if Plaintiff seeks to recover no more than two years of backpay/front pay in this case (totaling $85,280, not accounting for any mitigation efforts or interim earnings), which is less than most plaintiffs seek in cases of this nature.  Furthermore, any emotional distress recovery or award of punitive damages would elevate the amount of potential recovery further. Therefore, there is a reasonable probability that Plaintiff's claimed damages exceed $75,000, exclusive of interest and costs, and Defendant has sufficiently demonstrated that the amount in controversy in this case exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.

**RELIEF REQUESTED**

21.    For the foregoing reasons, Defendant requests that the United States District Court for the District of Connecticut assume jurisdiction over the above-captioned action and issue such

further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this matter be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

Respectfully submitted,

*/s/ Paula N. Anthony*
Paula N. Anthony (ct08972)
Emily A. Zaklukiewicz (ct31006)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
panthony@littler.com
ezaklukiewicz@littler.com

*Counsel for Defendant*

7.

# Exhibit A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>**70 Huntington Street, New London, CT 06320** | Telephone number of clerk<br>**(860) 443 – 5363** | Return Date *(Must be a Tuesday)*<br>**11/05/2024** |
|---|---|---|
| ☒ Judicial District   G.A.<br>☐ Housing Session   ☐ Number: _____  At *(City/Town)*<br>**New London** | | Case type code *(See list on page 2)*<br>Major: **T**   Minor: **9 0** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>**Law Offices of Cicchiello & Cicchiello, LLC, 582 West Main Street, Norwich, CT 06360** | Juris number *(if attorney or law firm)*<br>**419515** |
|---|---|
| Telephone number<br>**(860) 886 – 9300** | Signature of plaintiff *(if self-represented)* |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name:  **Celestin, Jean**<br>Address: **102 Stonington Rd, B310, Norwich, CT 06360** | **P-01** |
| **Additional plaintiff** | Name:<br>Address: | **P-02** |
| **First defendant** | Name:  **Lifespan School Solutions, Inc.**       **AFS: Secretary of State**<br>Address: **101 Veterans Memorial Parkway, East Providence, RI 02915  165 Capitol Ave., Hartford, CT 06115** | **D-01** |
| **Additional defendant** | Name:<br>Address: | **D-02** |
| **Additional defendant** | Name:<br>Address: | **D-03** |
| **Additional defendant** | Name:<br>Address: | **D-04** |
| **Total number of plaintiffs: 1** | **Total number of defendants: 1**    ☐ Form JD-CV-2 attached for additional parties | |

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.

2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.

3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.

4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.

5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date,<br>9-23-24 | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ _____ Clerk | Name of person signing<br>**John C. Gerboth, Esq.** |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | For Court Use Only<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date<br>9-23-24 | Docket Number |
|---|---|---|---|

Print Form                    Page 1 of 2                    Reset Form

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*

2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*

3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*

4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*

5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*

   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

RETURN DATE:  NOVEMBER 5, 2024      :      SUPERIOR COURT

                                               :

JEAN CELESTIN                              :      J. D. OF NEW LONDON

                                               :

         Plaintiff,                     :

VS.                                        :      AT NEW LONDON

                                               :

LIFESPAN SCHOOL SOLUTIONS, INC.      :      SEPTEMBER 23, 2024

                                               :

         Defendant.                   :

## COUNT ONE:   RACIAL DISCRIMINATION – STATE LAW CLAIM

1. At all times herein **Plaintiff, Jean Celestin,** was and is a resident of the city of Norwich, Connecticut.

2. At all times herein **Defendant, Lifespan School Solutions, Inc.**, was a foreign corporation licensed to operate in Connecticut with business offices located at 101 Veterans Memorial Parkway , East Providence, RI 02915.

3. Plaintiff is a black male with a physical disability to his right ankle (Achilles tendon tear) which limits and impacts his activities of daily living.

4. On or about February 2019, Plaintiff was hired as a Classroom Behavior Specialist by Defendant to work at Bradley Regional School located in Uncasville, CT.

5. On 8/13/2022, Plaintiff sustained an Achilles tendon tear in his right ankle that required surgery. He applied for leave through the established leave program.

6. Plaintiff's leave request was  approved from 8/13/2022 through 12/5/22 during which time, he maintained regular contact with Defendant regarding his status.

7. On 12/13/2022, Defendant issued a letter to Plaintiff stating that if he did not return to work by 12/20/22, he would be terminated.

8. Plaintiff returned to work but was only able to for about two and a half shifts and had to leave work again.

9. On 12/20/22, Plaintiff completed a request for continued accommodation for the period through 1/15/2023.

10. On 12/23/22, Defendant issued a "Determination Letter" which stated that Plaintiff's leave was approved, in continuous fashion, from 08/13/2022 through 02/12/2023.

11. On 12/28/2022, Defendant issued a Reasonable Accommodation Decision form, which stated that reasonable accommodations would not be provided. This denial letter was signed by Dr. Stephen Swartzlander, clinical director, and Carole Bernardo of H.R., both of these individuals are Caucasian.

12. On 1/13/2023, Dr. Fred Fenton of Hartford Healthcare returned Plaintiff to light duty work with the restriction of "to the extent possible limit the amount of walking." This medical note was provided to Defendant and constituted a further request for accommodation.

13. On 1/18/2023, Dr. Swartzlander and on 1/19/2023, Carole Bernardo, denied Plaintiff's request for accommodation for the reason that the request constituted an "undue hardship"

14. Although signed on 1/18/2023, the denial was communicated to Plaintiff verbally on 01/17/2023, and his employment was terminated that day.

15. Upon information and belief, respondent allowed a white female employee to work light duty and was accommodated. There was unequal treatment based on that employee's race, sex, and color.

16. Up information and belief, the "n" word has been used by managerial employee(s), during office meetings, without consequences. There was a racial bias present in the workplace.

17. The Defendant discriminated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's race and color in violation of Connecticut General Statutes § 46a-60(b)(1).

18. The Plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about June 7, 2024 and the EEOC on or about July 2, 2024.

19. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

20. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through his employment.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

## COUNT TWO: RACIAL DISCRIMINATION – FEDERAL LAW CLAIM

1-17. Paragraphs one through seventeen of Count One are incorporated herein and made paragraphs one through seventeen of this Count Two as if fully set forth herein.

18. The Defendant discriminated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's race and color in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C. § 2000e and the Civil Rights Act of 1991.

19. The Plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about June 7, 2024 and the EEOC on or about July 2, 2024.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement

and pension benefits, vacation pay, sick pay, and other benefits made available through his employment.

18. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT THREE: DISABILITY DISCRIMINATION – STATE LAW CLAIM**

1-17. Paragraphs one through seventeen of Count One are incorporated herein and made paragraphs one through seventeen of this Count Three as if fully set forth herein.

18. The Defendant discriminated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's disability in violation of Connecticut General Statutes § 46a-60(b)(1).

19. The Plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about June 7, 2024 and the EEOC on or about July 2, 2024.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement

and pension benefits, vacation pay, sick pay, and other benefits made available through his employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

## COUNT FOUR: DISABILITY DISCRIMINATION – FEDERAL LAW CLAIM

1-17. Paragraphs one through seventeen of Count One are incorporated herein and made paragraphs one through seventeen of this Count Four as if fully set forth herein.

18. The Defendant discriminated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's disability in violation of Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

19. The Plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about June 7, 2024 and the EEOC on or about July 2, 2024.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement

and pension benefits, vacation pay, sick pay, and other benefits made available through his employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

## COUNT FIVE: RETALIATION – STATE LAW CLAIM

1-17. Paragraphs one through seventeen of Count One are incorporated herein and made paragraphs one through seventeen of this Count Five as if fully set forth herein.

18. Defendant retaliated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's age and disability in violation of Connecticut General Statutes § 46a-60(b)(4).

19. Plaintiff filed a timely complaint against both Defendants with the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints. Plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about June 7, 2024 and the EEOC on or about July 2, 2024.

20. As a proximate result of Defendants' unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendants' unlawful discrimination, Plaintiff has been and

will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

22. As a further result of Defendants' unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**WHEREFORE**, the Plaintiff claims:

1.  Money damages, including back pay and front pay;
2.  Attorney's fees and costs;
3.  Such other remedies as available under law and/or equity and as the Court deems appropriate;
4.  A trial by jury.

THE PLAINTIFF, JEAN CELESTIN

BY:    /s/ *John C. Gerboth*

John C. Gerboth, Esq.
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300 phone
860.886.5963 fax
Firm Juris # 419515

RETURN DATE:  NOVEMBER 5, 2024          :          SUPERIOR COURT

                                        :

JEAN CELESTIN                           :          J. D. OF NEW LONDON

                                        :

          Plaintiff,                    :

VS.                                     :          AT NEW LONDON

                                        :

LIFESPAN SCHOOL SOLUTIONS, INC.         :          SEPTEMBER 23, 2024

                                        :

          Defendant.                    :

## STATEMENT OF AMOUNT OF DEMAND

The amount of demand for the above matter is greater than FIFTEEN THOUSAND

DOLLARS ($15,000.00), exclusive of costs and interest.

THE PLAINTIFF, JEAN CELESTIN

BY: ___/s/ *John C. Gerboth*_____
        John C. Gerboth, Esq.
        Lorenzo J. Cicchiello, Esq.
        Law Offices of Cicchiello & Cicchiello, LLC
        582 West Main Street
        Norwich, CT 06360
        860.886.9300 phone
        860.886.5963 fax
        Firm Juris # 419515

# Exhibit B

DOCKET NO:  KNL-CV24-6070586-S        :    SUPERIOR COURT
                                      :
JEAN CELESTIN,                        :
                                      :
          Plaintiff,                  :    J.D. OF NEW LONDON
                                      :
     v.                               :    AT NEW LONDON
                                      :
LIFESPAN SCHOOL SOLUTIONS,            :
INC.,                                 :    OCTOBER 24, 2024
                                      :
          Defendant.                  :
                                      :

## NOTICE TO SUPERIOR COURT OF FILING
## OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Lifespan School Solutions, Inc. d/b/a the Bradley School filed a Notice of Removal of this action in the United States District Court for the District of Connecticut.  A copy of said Notice is attached hereto as Exhibit A.

This Notice to Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ Paula N. Anthony
Paula N. Anthony – Juris 401003
Emily A. Zaklukiewicz – Juris 441127
LITTLER MENDELSON, P.C.
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
Firm Juris: 426891
panthony@littler.com
ezaklukiewicz@littler.com

Counsel for Defendant

-2-

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2024, a copy of the foregoing was sent via

email or First Class Mail to all counsel and *pro se* parties of record as follows:

John C. Gerboth, Esq.
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360


/s/ Paula N. Anthony
Paula N. Anthony



State of Connecticut Judicial Branch
## Superior Court E-Filing

**Attorney/Firm: LITTLER MENDELSON P.C. (426891)**                    **E-Mail: MNATALE@LITTLER.COM**   Logout

Hide Instructions                    **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Superior Court E-Filing Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

[ Print This Page ]

### Confirmation of E-filed Transaction  (print this page for your records)

| | |
|---|---|
| **Docket Number:** | KNL-CV-24-6070586-S |
| **Case Name:** | CELESTIN, JEAN v. LIFESPAN SCHOOL SOLUTIONS, INC. |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | Oct-24-2024 |
| **Motion/Pleading by:** | LITTLER MENDELSON P.C. (426891) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Thursday, October 24, 2024 11:43:13 AM |

[ E-File Another Pleading/Motion/Other document on this Case ]

[ Return to Civil / Family Menu ]    [ Return to Case Detail ]

Copyright © 2024, State of Connecticut Judicial Branch

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of October, 2024, a copy of the foregoing was sent via email or First Class Mail to all counsel and *pro se* parties of record as follows:

John C. Gerboth, Esq.
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360

*/s/ Paula N. Anthony*
Paula N. Anthony